# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br> JAIME CARRASQUILLO RODRIGUEZ <br> DEBTOR | CASE NO. 14-05041 (MCF) <br><br> CHAPTER 13 |

## MOTION REQUESTING DISMISSAL OF THE CASE

**TO THE HONORABLE COURT:**

**COMES NOW** DSO creditor, Enid Arroyo Roldán, **DSO** through the undersigned counsel, and very respectfully states and prays as follows:

1. On June 20th, 2014, Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. The §341 Meeting of Creditors was held on July 30th, 2014.

2. On August 1st, 2014, Chapter 13 Trustee Alejandro Oliveras Rivera filed his Meeting of Creditors Report. On said report, the Trustee raised several issues that must be addressed for the present case in order to be deemed favorable. (See Docket #12). One of said issues is that Debtor must disclose certain information regarding a transfer of his inheritance interest in a real property.

3. On December 1st, 2014, the Trustee filed his Report on Confirmation deeming Debtor's Chapter 13 Plan as unfavorable. (See Docket #25). On said report, the Trustee raised the following issues regarding the disclosure of Debtor's transfer:

> Debtor needs to submit further documentation to review debtor's transfer of his inheritance interest to his siblings. As to this matter debtor is asked to provide; (1) document showing transfer of 2.219 acres by debtor's father to debtor; (2) date of transfer; (3) document to

review value of transfer acres; (4) documents showing transfer of debtor's inheritance to his sibling; (5) Clarify the subject of inheritance interest transfer to his siblings; (6) provide date of transfer to debtor siblings; (7) document showing value of the property(ies) subject to debtor's inheritance interest.

4. Consequently, on December 2nd, 2014, Debtor filed a Reply to said Trustee's Unfavorable Report. (See Docket #28). On said Reply, Debtor states, among other issues, that the debtor's hereditary interest and the debtor's transfer of the same is part of a probate estate and not property of the bankruptcy estate in the present case. Debtor cites the Order of *In re Carlina Ortega, Order*, dated October 29, 2014, Case No. 14-06449 (Bankr. D. of Puerto Rico).

5. We point out that said Opinion is not applicable to the present case for the following reason: In *In re Carlina Ortega*, the assets of the probate estate had not been adjudicated or distributed at the time of the filing of the bankruptcy petition." In other words, the debtor in that particular case still had not received his adjudication at the time of filing for bankruptcy. However, in the present case, Debtor admitted during his §341 meeting testimony that he already received the adjudication of his inheritance interest. Thus, Debtor's argument that his inheritance interest is part of a probate estate and, therefore, not part of the bankruptcy estate has no merits because there is no probate estate. Chapter 13 Trustee has the duty to examine the nature and amount of the benefits, goods, funds, rights for which debtor sold his hereditary interest.

6. Also, in that same Opinion, the case of *In re Garcia*, 507 B.R. 32 (1st Cir. BAP 2014), is discussed. On said case,

7. Furthermore, since Debtor has not disclosed any information whatsoever

regarding the transfer of his former inheritance interest to his siblings, said refusal to disclose information constitutes bad faith. Thus, we are requesting the dismissal of the present case.

8. Section 1307(c) provides that on request by a party-in-interest, after notice and a hearing, the court may dismiss a case under Chapter 13 or convert the case to a Chapter 7 case, whichever is in the best interests of the creditors and the estate, for cause. For Chapter 13 cases, § 1307(c) specifically enumerates ten circumstances in which a court may convert or dismiss a case. Although lack of good faith is not specifically enumerated as cause, it is well established that lack of good faith (or bad faith) is cause for dismissal or conversion of a Chapter 13 case under § 1307(c). See *In re Cabral*, 285 B.R. 563, 573 (1st Cir. BAP 2002); *Leavitt*, 171 F.3d at 1224; *Ho*, 274 B.R. at 877; *In re Dicey*, 312 B.R. 456, 458 (Bankr.D.N.H.2004); *Fleury*, 294 B.R. at 5; and *In re Virden*, 279 B.R. 401, 407 (Bankr.D.Mass.2002).

9. When applying the totality of the circumstances test to determine whether a Chapter 13 petition has been filed in bad faith, bankruptcy courts generally consider the following factors: (1) debtor's accuracy in stating her debts and expenses, (2) debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she has made any misrepresentations, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) debtor's motivation and sincerity in seeking Chapter 13 relief. See *Cabral*, 285 B.R. at 573; *Dicey*, 312 B.R. at 459; *Virden*, 279 B.R. at 408. A finding of bad faith does not require fraudulent intent by

the debtor. See *Fleury,* 294 B.R. at 6.

**WHEREFORE,** DSO respectfully requests from this Honorable Court to dismiss the present case.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, this 30th day of January, 2015.

**NOTICE:** WITHIN THIRTY (30) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (II) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (III) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

**CERTIFICATE OF SERVICE:** I CERTIFY that on this same date the foregoing document has been electronically filed WITH THE Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee.

s/ CARLOS A. RUIZ RODRIGUEZ
USDC-PR 210009
P.O. Box 1298
Caguas, PR 00726-1298
Phone: (787) 286-9775
Fax: (787) 747-2174
caruiz@reclamatusderechos.com



Department of Defense Manpower Data Center

Results as of : Jan-30-2015 10:17:49 AM

SCRA 3.0

## Status Report
### Pursuant to Servicemembers Civil Relief Act

Last Name: CARRASQUILLO RODRIGUEZ

First Name: JAIME

Middle Name:

Active Duty Status As Of: Jan-30-2015

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: N2V1VE56W18D360